IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HARVEY HUIHUI, ET AL., | ) | CIVIL NO. 10-00498 LEK-KSC |
| Plaintiff, | ) | |
| vs. | ) | |
| T.A.B. RETAIL REMODELING, INC.; LOWE'S HI, INC., ET AL., | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT LOWE'S HIW, INC.'S
MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Lowe's HIW, Inc.'s ("Lowe's") Motion for Summary Judgment ("Motion"), filed on November 2, 2011. None of the other parties in this case responded to the Motion. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion and the relevant legal authority, Lowe's Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

Plaintiffs Harvey Huihui and Harvey Huihui, Jr. (collectively "Plaintiffs") filed the instant action on July 26, 2010 in state court. Lowe's removed the action on August 27, 2010, with the consent of Defendant T.A.B. Retail

Remodeling, Inc. ("T.A.B."). Hawaii Employers' Mutual Insurance Company, Inc. ("HEMIC") filed its Complaint in Intervention on July 20, 2011. [Dkt. no. 36.]

The Complaint alleges that, on or about July 21, 2009, Plaintiffs were both hired by Altres Staffing, Inc. to work at Lowe's Kailua-Kona store ("the Store"). During that time period, Lowe's and T.A.B. had a contract under which T.A.B. performed renovation services at the Store. At approximately 1:00 a.m. on July 21, 2009, Plaintiffs were stacking shelves at the Store while two of T.A.B.'s employees were operating a scissor lift in the same area. The T.A.B. employees allegedly failed to exercise due care in operating the scissor lift and pinned Harvey Huihui's left knee against the shelving. This caused him severe injury. Harvey Huihui, Jr. apparently did not see the pinning, but ran to his father's assistance when he heard his father's screams. [Complaint at ¶¶ 12-16.]

The Complaint alleges the following claims: negligence against Lowe's and T.A.B. ("Count I"); negligent supervision and training against Lowe's and T.A.B. ("Count II"); loss of consortium by Harvey Huihui, Jr., presumably against Lowe's and T.A.B. ("Count III"); and a *respondeat superior* claim against Lowe's and/or T.A.B. ("Count IV"). Plaintiffs seek special and general damages; prejudgment interest; attorneys' fees and costs; and any other appropriate relief.

Along with the instant Motion, Lowe's filed its separate and concise statement of facts in support ("Lowe's CSOF") on November 2, 2011. Lowe's states that, in June 2009, it began a project aimed at "Remerchandising" the Store ("the Remerch Project"). Lowe's contracted with T.A.B. to work on the Remerch Project. [Lowe's CSOF, Decl. of Shawna Wilson ("Wilson Decl."), at ¶¶ 5, 8.] Shawna Wilson's declaration states, in pertinent part:

> 9. As the project manager for the Remerch Project, I would provide a work list to TAB's crew lead at the beginning of each shift. This work list would provide the general Remerch Project tasks for the crew to work on to keep them on schedule toward the goal of completing the Remerch Project on time.
> 10. Although I gave TAB's crew lead the work list of tasks, TAB had full supervision, discretion and control of its employees regarding the manner in which the Remerch Project tasks were to be performed and completed.
> 11. Neither I nor any other Lowe's manager or employee directed TAB's employees on how to perform the tasks needed to complete the Remerch Project, including the transfer of items and operation of scissor lifts.
> 12. Neither I nor any other Lowe's manager or employee controlled the manner in which any tasks were to be performed by TAB in connection with its work on the Remerch Project.
> 13. Plaintiff Harvey Huihui, Plaintiff Harvey Huihui, Jr., and the individuals who were operating the scissor lift which allegedly collided with Mr. Huihui were not employees of Lowe's.

[Id. at ¶¶ 9-13.] Gary Brian Whitley, T.A.B.'s Chief Executive Officer, confirmed that T.A.B. contracted with Lowe's "as an independent third-party vendor to provide product services to

3

Lowe's on an ongoing basis." [Lowe's CSOF, Decl. of Gary Brian Whitley ("Whitley Decl."), at ¶¶ 1, 4.] The In-Store Services Agreement, effective January 1, 2009, between Lowe's and T.A.B. ("the ISSA Contract") is attached to the Whitley Declaration as Exhibit 1. [Dkt. no. 64-3.] The ISSA Contract governed T.A.B.'s work on the Remerch Project. [Whitley Decl. at ¶ 5.]

In pertinent part, the ISSA Contract provides:

> 2.6 <u>ISSG's Personnel</u>. Neither ISSG, nor ISSG Personnel[1] are employees of Lowe's; all such individuals shall for all purposes be ISSG's employees. ISSG shall have the sole authority to hire, fire, direct, control, discipline, reward, evaluate, schedule, supervise, promote, suspend and/or terminate ISSG's personnel. In addition, ISSG shall be solely responsible for the acts of ISSG personnel, whether of commission or omission, and for all other charges and liabilities arising out of the employer-employee relationship or other contractual relationship including, without limitation, liabilities under any civil rights laws, wages and hour laws, equal employment opportunity acts, any union, welfare and pension contributions and the expense of prosecuting, defending or complying with the award in any arbitration proceeding.
>
> . . . .
>
> 13.1 <u>Independent Contractor</u>. The parties are acting independently hereunder, and this Agreement shall not be construed as constituting either party as a partner, joint venturer or fiduciary of the other or to create any other form of legal

---

[1] "ISSG" refers to the "independent third-party in-store service group" executing the contract with Lowe's, in this case, T.A.B. [ISSA Contract at 1, 21.] "ISSG Personnel" is defined as "ISSG's agents, subcontractors and employees who provide any portion of the Services or otherwise perform ISSG's obligations" under the ISSA Contract. [<u>Id.</u> at 2.]

4

> association that would impose liability on one
> party for the act or failure to act of the other
> or as providing either party with the right, power
> or authority (express or implied) to create any
> duty or obligation of the other.  Except as
> otherwise expressly provided in this Agreement,
> each party has the sole right and obligation to
> supervise, manage, contract, direct, procure,
> perform or cause to be performed all work to be
> performed by it pursuant to this Agreement.

[ISSA Contract at 6, 18.]

Lowe's provided evidence that, on July 21, 2009, T.A.B. employee John Durant was operating a scissor lift at the Store in connection with the Remerch Project, and another T.A.B. employee, Cassidy Haines, was also aboard the lift.  The lift that Mr. Durant was operating allegedly struck Harvey Huihui. [Whitley Decl. at ¶ 6.]  The accident report concerning the incident, which is kept in T.A.B.'s normal course of business, is attached to the Whitley Declaration as Exhibit 2.  [Dkt. no. 64-4.]

Lowe's argues that, because T.A.B. was an independent contractor, Lowe's is not liable for the alleged torts of T.A.B.'s employees.  Lowe's emphasizes that, although Shawna Wilson provided a work list to T.A.B.'s crew leader at the beginning of each shift, neither Shawna Wilson nor any other Lowe's employee directed or controlled the manner in which the T.A.B. employees did their work.  Further, under the terms of the ISSA Contract, T.A.B. was solely responsible for directing, controlling, and supervising its employees, and T.A.B. was solely

5

responsible for the actions of its employees. Lowe's therefore argues that it is entitled to judgment as a matter of law on all of Plaintiffs' claims.

## DISCUSSION

First, the Court emphasizes that none of the other parties responded to the Motion. Lowe's properly supported its factual positions, as required by Fed. R. Civ. P. 56(c), and no party has properly addressed Lowe's factual assertions. The Court therefore considers the facts set forth in Lowe's CSOF to be undisputed for purposes of the instant Motion. See Fed. R. Civ. P. 56(e)(2).

This district court has recognized that:

> An employer is generally not liable for damages arising from the negligence or misconduct of an independent contractor. See Fraser v. Morrison, 39 Haw. 370, 1952 WL 7360, at *4 (1952) (holding that creditor was not liable for emotional distress caused by the independent contractor collection agency it hired).[2] The Restatement of Torts offers a similar general rule. "Except as stated in § [§] 410-429, the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants." Restatement (Second) of Torts § 409 (1965). The exceptions include, inter alia, if a tort is committed by the contractor pursuant to orders or directions negligently given by the employer (§ 410) and if the employer is negligent in selecting the independent contractor (§ 411).

Pourny v. Maui Police Dep't, Cnty. of Maui, 127 F. Supp. 2d 1129,

---

[2] Hac v. University of Hawaii abrogated Fraser on other grounds. 102 Hawai`i 92, 73 P.3d 46 (2003).

1151 (D. Hawai`i 2000) (some alternations in Pourny).  The Court also notes that, in Taira v. Oahu Sugar Co., the Intermediate Court of Appeals affirmed the trial court's entry of a directed verdict in favor of property owner, Oahu Sugar Company, because, *inter alia*, the independent contractor, which employed both the plaintiff and the person whose instructions for the repair of the sugar cane equipment led to the plaintiff's injury, "exercised complete direction and control over the repair of the sugar cane equipment."  1 Haw. App. 208, 211-12, 616 P.2d 1026, 1029-30 (Ct. App. 1980) (per curiam).

Based on the undisputed evidence, this Court FINDS that, during all periods relevant to the instant case: 1) T.A.B. was an independent contractor of Lowe's; and 2) T.A.B. had complete discretion and control over John Durant and Cassidy Haines, the persons whose actions allegedly caused the harm to Plaintiffs.  The Court therefore CONCLUDES that, pursuant to Hawai`i law as well as the terms of the ISSA Contract, Lowe's is not liable for damages arising from the alleged negligence or misconduct of T.A.B.'s employees.

Insofar as there are no disputes of material fact as to Plaintiffs' claims against Lowe's and Lowe's is entitled to judgment as a matter of law, Lowe's is entitled to summary judgment on all of Plaintiffs' claims against it.  See Fed. R. Civ. P. 56(a), (e)(3).

**CONCLUSION**

On the basis of the foregoing, Lowe's Motion for Summary Judgment, filed November 2, 2011, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 9, 2012.



                                  /S/ Leslie E. Kobayashi
                                  Leslie E. Kobayashi
                                  United States District Judge

**HARVEY HUIHUI, ET AL. V. T.A.B. RETAIL REMODELING, INC., ET AL; CIVIL NO. 10-00498 LEK-KSC; ORDER GRANTING DEFENDANT LOWE'S HIW, INC.'S MOTION FOR SUMMARY JUDGMENT**